J-S73045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN RE:  ADOPTION OF: K.K., A
MINOR CHILD

APPEAL OF:  K.K., MOTHER

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 850 WDA 2016

Appeal from the Decree Entered May 17, 2016
In the Court of Common Pleas of Washington County
Orphans' Court at No(s):  CP-63-DP-0000174-2015

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, and JENKINS, JJ.

MEMORANDUM BY JENKINS, J.:              **FILED NOVEMBER 15, 2016**

K.K. ("Mother") appeals the decree of the Court of Common Pleas of
Washington County, Orphans' Court, entered May 17, 2016, that granted the
petition filed by Washington County Children and Youth Social Services
Agency ("CYS") to terminate her parental rights to her child, K.K. ("Child")
(born in September of 2015), and to change Child's permanency goal to
adoption.[1]  We affirm.

The trial court related the factual and procedural history as follows:

> [Child] was born opiate dependent [in September of
> 2015].  [M]other received no prenatal care.  [Child] at birth
> experienced severe withdrawal symptoms and remained in the
> hospital until October 8, 2015 and she was then transferred to
> another facility until November 24, 2015, when she was

---

[1] The trial court also terminated the parental rights of Child's father, A.H
("Father").  Father did not appeal that termination.

discharged and placed in a pre-adoptive foster home, where she has remained.

Shortly after [Child]'s birth, CYS filed a dependency petition. On October 6, 2015, the [j]uvenile [c]ourt found that [Child] was dependent; the dependency [c]ourt also found that an aggravated circumstance was present and relieved CYS of any efforts to reunify [C]hild and her parents. At the dependency hearing, because no reunification efforts or services were required, no visitation between the parents and [C]hild was ordered. The dependency order and findings were not appealed. The aggravated circumstance found by the dependency [c]ourt was based on the fact that both Mother and Father had their parental rights involuntarily terminated as to other children on June 24, 2015 by [the trial court]. [M]other and Father appealed that termination order and the Superior Court affirmed the termination in a non-precedential decision dated February 12, 2016.

At the termination hearing on March 29, 2016,[2] [M]other testified that she was in a methadone treatment program and compliant, worked full-time and recently moved in with her parents. The [trial court] found that [M]other's testimony that she was living with her parents was not credible; Mother had testified at a previous hearing regarding her older children before [the trial court] in May 2015 that she had moved to her parents' home, but at [Child]'s birth, a few months later, in September of 2015, she was residing with Father and not with her parents. [M]other was drug tested regularly since [Child]'s birth; the last positive drug test was in December 2015.

The CYS caseworker, Andrew Albright, testified that the home the parents occupied and where [M]other was present in October 2015 had broken windows, garbage strewn throughout and was not appropriate. After [C]hild's birth, [M]other was released from the hospital on September 21, 2015 and did not contact [C]hild or [the] hospital for several days. She came for a visit with [C]hild a few days later and visited thereafter every few days. After the dependency hearing on October 6, 2015, [M]other's visitation was required to be supervised by an approved family member. Initially, paternal grandfather and his

---

[2] On January 8, 2016, CYS filed a petition to involuntarily terminate Mother's parental rights to Child.

- 2 -

wife accompanied Mother to the visits, but they then moved to Florida and were unavailable. Visitation with Mother then ceased in November 2015.

Trial Court Opinion, 7/8/16, at 1-3.

On May 17, 2016, the trial court terminated Mother's parental rights to Child pursuant to sections 2511(a)(2) and (b) of the Adoption Act. Mother filed a notice of appeal on June 13, 2016, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

Mother raises three issues on appeal:

1. Whether the [trial c]ourt erred in analyzing and applying aggravated circumstances in considering the request to terminate [Mother]'s parental rights?

2. Whether the evidence supported a finding that [Mother] could not and would not remedy the causes for placement of [C]hild?

3. Whether the evidence supported a termination of [Mother]'s parental rights pursuant to 2511(b)?

Mother's Brief at 4.

We review an appeal from the termination of parental rights in accordance with the following standard:

[A]ppellate courts must apply an abuse of discretion standard when considering a trial court's determination of a petition for termination of parental rights. As in dependency cases, our standard of review requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. *In re: R.J.T.*, [] 9 A.3d 1179, 1190 ([Pa.]2010). If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. *Id.* As has been often stated, an abuse of discretion does not result merely because the reviewing court might have reached a different conclusion.

Instead, a decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will.

As we discussed in **R.J.T.**, there are clear reasons for applying an abuse of discretion standard of review in these cases. We observed that, unlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents. **R.J.T.**, 9 A.3d at 1190. Therefore, even where the facts could support an opposite result, as is often the case in dependency and termination cases, an appellate court must resist the urge to second guess the trial court and impose its own credibility determinations and judgment; instead we must defer to the trial judges so long as the factual findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion. **In re Adoption of Atencio**, [] 650 A.2d 1064, 1066 ([Pa.]1994).

**In re Adoption of S.P.**, 47 A.3d 817, 826–827 (Pa.2012) (some internal citations omitted).

As the petitioner, DHS carries the burden to prove by clear and convincing evidence that the asserted grounds for seeking the termination of parental rights are valid. **In re R.N.J.**, 985 A.2d 273 (Pa.Super.2009). Moreover:

[t]he standard of clear and convincing evidence is defined as testimony that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue."

**Id.** at 276 (quoting **In re J.L.C.**, 837 A.2d 1247, 1251 (Pa.Super.2003)).

This Court may affirm a trial court's decision regarding the termination of

parental rights with regard to any one subsection of section 2511(a). ***In re B.L.W.***, 843 A.2d 380, 384 (Pa.Super.2004) (*en banc*).

Here, the trial court terminated Mother's parental rights under Subsection (a)(2), which provides as follows:

**§ 2511. Grounds for involuntary termination**

**(a) General rule.—**The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

* * *

(2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

23 Pa.C.S. § 2511(a)(2).

We have stated:

In order to terminate parental rights pursuant to 23 Pa.C.S.[] § 2511(a)(2), the following three elements must be met: (1) repeated and continued incapacity, abuse, neglect or refusal; (2) such incapacity, abuse, neglect or refusal has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being; and (3) the causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied.

***In re Adoption of M.E.P.***, 825 A.2d 1266, 1272 (Pa.Super.2003) (citations omitted).

Mother's first and second arguments challenge the trial court's determination that CYS sustained its burden of proving that her parental

rights to Child should be terminated pursuant to Section 2511(a)(2). In her brief, Mother argues that the trial court erred in applying aggravated circumstances in considering the request to terminate Mother's parental rights. Mother's Brief at 9. Mother also contends that the trial court erred in finding by clear and convincing evidence that the causes of the incapacity, abuse, neglect, refusal cannot or will not be remedied by Mother.[3] *Id.* at 16. Mother additionally claims that termination requires "a significant time period to be considered." *Id.* at 14.

This Court has determined that, "unlike Sections (a)(1), (5), and (8), Section 2511(a)(2) does not provide a statutory time constraint on termination. Rather, Section 2511(a)(2) addresses situations where remedial aid by an agency is not required, *i.e.* when there is a finding of aggravated circumstances[.]" ***In re A.S.***, 11 A.3d 473, 481–82 (Pa.Super.2010).

Here, Mother's inability to parent Child predates Child's birth. Courts have previously terminated Mother's parental rights to her other three children. Further, the scope of CYS's involvement with the family indicates that Mother has been and remains unable or unwilling to remedy the conditions that led to Child's placement. Moreover, the trial court found that the circumstances have not changed significantly:

---

[3] Mother does not contest the first and second prong of the test set forth in ***In re Adoption of M.E.P.***, 825 A.2d at 1272.

> [M]other's last positive drug test was in December of 2015 and
> both parents are only in the beginnings of long-term drug
> treatment. Simply, with the involuntary termination of parental
> rights, the parents have already been declared as unfit and they
> are not afforded another opportunity with a new baby absent
> extraordinary circumstances.

Trial Court Opinion, 5/17/16, at 3. In light of the aggravating circumstances of the case – the prior termination of Mother's rights to her three other children, coupled with Mother's long history of drug use and lack of consistency in drug treatment – we find the trial court properly terminated Mother's parental rights pursuant to Section 2511(a)(2).

Finally, we address Mother's last issue. Therein, Mother argues that the trial court erred in finding that Mother's parental rights should be terminated under Section 2511(b). Mother's Brief at 10.

Following a determination that the requirements of Section 2511(a) have been satisfied, we proceed to review whether the requirements of Section 2511(b) have been satisfied. *In re Adoption of C.L.G.*, 956 A.2d 999, 1009 (Pa.Super.2008) (*en banc*). The focus in terminating parental rights under Section 2511(a) is on the parent, but under Section 2511(b), the focus is on the child. *Id.* at 1008.

Section (b) provides as follows:

> **(b) Other considerations.—**The court in terminating the rights
> of a parent shall give primary consideration to the
> developmental, physical and emotional needs and welfare of the
> child. The rights of a parent shall not be terminated solely on
> the basis of environmental factors such as inadequate housing,
> furnishings, income, clothing and medical care if found to be
> beyond the control of the parent. With respect to any petition

filed pursuant to subsection (a)(1), (6), or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S. § 2511(b). In reviewing evidence offered in support of termination under section 2511(b), our Supreme Court recently stated:

> [I]f the grounds for termination under subsection (a) are met, a court "shall give primary consideration to the developmental, physical and emotional needs and welfare of the child." 23 Pa.C.S. § 2511(b). The emotional needs and welfare of the child have been properly interpreted to include "[i]ntangibles such as love, comfort, security, and stability." *In re K.M.*, 53 A.3d 781, 791 (Pa.Super.2012). In *In re E.M.*, 620 A.2d at 485, this Court held that the determination of the child's "needs and welfare" requires consideration of the emotional bonds between the parent and child. The "utmost attention" should be paid to discerning the effect on the child of permanently severing the parental bond. *In re K.M.*, 53 A.3d at 791.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa.2013). Moreover, we have observed that no bond worth preserving is formed between a child and a natural parent where the child has been in foster care for most of the child's life, and the resulting bond with the natural parent is attenuated. *In re K.Z.S.*, 946 A.2d 753, 764 (Pa.Super.2008).

When conducting a bonding analysis, the court is not required to use expert testimony. *In re Z.P.*, 994 A.2d 1108, 1121 (Pa.Super.2010). Further, while Mother may love Child, a parent's own feelings of love and affection for a child, alone, will not preclude termination of parental rights. *Id.* at 1121. As we stated in *In re Z.P.*, a child's life "simply cannot be put on hold in the hope that [a parent] will summon the ability to handle the

responsibilities of parenting." *Id.* at 1125. Rather, "a parent's basic constitutional right to the custody and rearing of his child is converted, upon the failure to fulfill his or her parental duties, to the child's right to have proper parenting and fulfillment of his or her potential in a permanent, healthy, safe environment." *In re B., N.M.*, 856 A.2d 847, 856 (Pa.Super.2004).

The trial court found that CYS proved, by clear and convincing evidence, that termination best served the needs and welfare of [C]hild. Trial Court Opinion, 7/8/16, at 7. Specifically, the trial court found "no bond existed between [C]hild and [M]other as she has never lived with her Mother and has only been in physical contact with her Mother a handful of times." *Id.* Moreover, the trial court found "no detrimental effects would occur as to [C]hild if the parental rights were terminated." *Id.* The guardian *ad litem* strongly supported termination of Mother's parental rights. N.T., 3/29/16, 143-44. Furthermore, the guardian *ad litem* found that there was no bond between Mother and Child, and that termination of Mother's parental rights would not have any negative effect on Child. N.T., 3/29/16, at 20.

As part of its bonding analysis, the trial court appropriately examined Child's relationship with Mother and her caregivers. *See In re T.S.M.*, 71 A.3d at 267–268 (stating that existence of a bond attachment of a child to a parent will not necessarily result in the denial of a termination petition, and the court must consider whether the child has a bond with the foster

parents). Specifically, the trial court found "[C]hild is in a pre-adoptive home where she has been since being released from the hospital and is bonded and thriving with them." Trial Court Opinion, 7/8/16, at 7.

The record reveals that Mother's inability to care for Child was due to her inability and unwillingness to manage her own drug addiction. Mother failed to "exhibit [the] bilateral relationship which emanates from the parent['s] willingness to learn appropriate parenting . . . ." *In re K.K.R.S.*, 958 A.2d 529, 534 (Pa.Super.2008). Because competent evidence exists in the record to support the trial court's credibility and weight assessments regarding Child's needs and welfare and the absence of any bond with Mother, we conclude that the trial court did not abuse its discretion in finding that Mother's appeal as to Section 2511(b) lacks merit. *See In re Adoption of S.P.*, 47 A.3d at 826–827. Accordingly, we affirm the decree terminating Mother's parental rights.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016